**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dow, Inc., Appellant,

v.

Beth Bartolini, Respondent.

Appellate Case No. 2024-002009

———————

Appeal From Charleston County
Maite Murphy, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-083
Submitted January 2, 2026 – Filed February 25, 2026

———————

**AFFIRMED**

———————

Eric Steven Bland, of Bland Richter, LLP, of Lexington; Ronald L. Richter, Jr. and Scott Michael Mongillo, both of Bland Richter, LLP, of Charleston; and Alexander James Rudiak and James David Smith, Jr., of McAngus Goudelock & Courie, LLC, of Mt. Pleasant, all for Appellant.

Paul Robert Rahn, of Robertson Hollingsworth Manos & Rahn, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:**  Dow, Inc. (Dow) appeals the circuit court's denial of its motion to compel arbitration.  On appeal, Dow argues the court erred because (1) it was not required to include specific notice language under the Federal Arbitration Act and (2) the arbitration clause in its contract with Beth Bartolini was enforceable under law or in equity pursuant to section 15-48-10(a) of the South Carolina Code (2005).  We affirm pursuant to Rule 220(b), SCACR.

We hold Dow failed to preserve its issues for appellate review because the circuit court's Form 4 order did not address these arguments, and Dow did not file a motion pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure requesting a ruling on the issues.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Cowburn v. Leventis*, 366 S.C. 20, 41, 619 S.E.2d 437, 449 (Ct. App. 2005) ("When a [circuit] court makes a general ruling on an issue, but does not address the specific argument raised by a party, that party must make a Rule 59(e) motion asking the [circuit] court to rule on the issue in order to preserve it for appeal.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.